IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROSE A. JACKSON

    Plaintiff,

v.                                                CASE NO.:

BON SECOURS – DEPAUL MEDICAL
CENTER, INC.

Serve:  Michael L. Goodman
         Goodman Allen Donnelly, PLLC
         4501 Highwoods Parkway, Suite 210
         Glen Allen, VA 23060

## COMPLAINT

Plaintiff, Rose A. Jackson ("Jackson" or "Plaintiff"), by counsel, for her Complaint against Defendant, Bon Secours – DePaul Medical Center, Inc. ("DePaul" or "Defendant"), alleges as follows:

### THE PARTIES

1.    Plaintiff Jackson is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2.    Defendant DePaul is a Virginia corporation, with its principal office located at 150 Kingsley Lane, Norfolk, Virginia.

### JURISDICTION AND VENUE

3.    This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Prior to instituting this suit, Jackson timely filed two administrative claims with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) respectively on August 9, 2018 and May 17, 2019. A true and correct copy of each Charge of Discrimination is attached to this complaint and incorporated by reference as Exhibits "A" and "B."

5.      The EEOC failed to resolve these claims and issued two separate right-to-sue letters dated March 29, 2019 and May 30, 2019.  A true and correct copy of each right-to-sue letter is attached to this complaint and incorporated by reference as Exhibits "C" and "D."  Jackson received the EEOC's right-to-sue letters respectively on March 31, 2019 and June 2, 2019. Plaintiff has filed her complaint within 90 days from the date she received each of her notices authorizing her to bring this action.

## STATEMENT OF FACTS

6.      Jackson is a 39-year-old African-American female.

7.      Jackson began working for Defendant on or about July 11, 2011 as a Certified Nursing Assistant ("CNA") Pro Re Nata ("PRN").

8.      On or about June 1, 2018, Plaintiff was working the 11:00 pm to 7:00 am shift and sitting with a patient.  While sitting, Plaintiff was completing some written tasks on a work computer. Suddenly, Plaintiff witnessed the patient slam his shoe onto something that appeared to be medication wrapped loosely in foil.  The patient then told Plaintiff the he had put the medication in his nose.

9.      Plaintiff immediately reported the incident to "Camille" LNU (RN).  Plaintiff then walked the patient down to the nurse's station and reported the incident to "Sister Perpetual" (Charge Nurse) and "Jelly" LNU (RN).  Neither Perpetual nor Jelly reacted to this report or

appeared to do anything to address the matter brought to their attention by Plaintiff. Before leaving work that morning, Plaintiff further reported the incident to "Starr" LNU (Unit Manager).

10. On or about June 4, 2018, Plaintiff was contacted by Tyler Young ("Young") (Administrator) and scheduled to meet with him and Jake Freeman ("Freeman") (Administrator of ICU and 2West) on June 7, 2018. Plaintiff further learned that Defendant had immediately – on or about June 1, 2018 – reported this incident to the Board of Nursing.

11. On or about June 7, 2018, Plaintiff was placed on a "final written warning" and a year of probation. Plaintiff had never been formally disciplined prior to this incident. During this meeting, Freeman told Plaintiff he would be "watching" her and was ready to fire her. Over the next several months, Freeman continually unfairly harassed and offered unwarranted criticism of Plaintiff's work performance. Freeman repeatedly criticized African-American employees and continually showed favoritism toward Caucasian employees – including turning a blind-eye to misjudgments or mistakes made by Caucasian employees.

12. Shortly thereafter, a Caucasian CNA working the dayshift was sitting with the same patient Plaintiff had reported to her supervisors. While the Caucasian nursed was doing her written tasks, the patient fell and injured himself. This Caucasian employee was not disciplined in any form or fashion following the patient's fall and injury. Defendant was aware of this fall and injury – and was further aware that the Caucasian employee was present and responsible for the patient at the time of the fall and injury.

13. In or about August 1, 2018, just after to Plaintiff's final write up, a Caucasian male nurse, James Wyle, physically tackled a patient causing them injuries. The Nurse Aid reported Mr.

Wyle's conduct to Jake Freeman and Carol, Freeman's supervisor. This Caucasian nurse was not disciplined for this incident

14. In October 2018, another Caucasian employee was responsible for a patient who took medication outside of their directions but, unlike Plaintiff, an African American, was not disciplined in any way for this incident.

15. In October 2018, Plaintiff wilted under Freeman's unwarranted and hostile over-criticism of her work performance. Plaintiff offered her resignation, feeling she could no longer endure Freeman's and Defendants favoritism of Caucasian employees and maltreatment of African-American employees, including but not limited to Plaintiff.

16. In February 2019, the Board of Nursing issued a ruling of "No Finding" or misconduct regarding Ms. Jackson's treatment of her patient in June 2018. Unfortunately, Plaintiff was already out of work and incurring economic damages resulting from Defendant's mistreatment and discriminatory conduct toward her based on her race.

COUNT I
(Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964,
42 USC 2000e. et seq.)

17. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

18. The Defendants' conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for Defendants' conduct were not the true reasons, but instead were pretext to hide Defendants' discriminatory animus – and favoritism toward non-African-American employees such as Plaintiff.

19. Defendants' conduct was intentional, and its violations of federal law were willful.

20. As a direct and proximate result of Defendants' violation of Title VII based on Plaintiff's race, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

21. Plaintiff should be awarded an appropriate amount for lost wages and benefits, loss of earning capacity and future lost wages and benefits of employment.

22. Plaintiff is entitled to recover her reasonable attorney fees, costs and expert witness expenses pursuant to Title VII.

## JURY DEMAND

23. Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rose A. Jackson, prays for entry of judgment in favor of Plaintiff and against Defendant Bon Secours – DePaul Medical Center, Inc. in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages;

e. Interest;

f. Attorneys' fees and court costs associated with this suit; and

g. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: June 28, 2016                         Respectfully submitted,

                                            ROSE A. JACKSON

                                            _____/s_____
                                            Todd M. Gaynor, Esquire

        Virginia Bar No.: 47742
        Attorney for Plaintiff
        GAYNOR LAW CENTER, P.C.
        440 Monticello Avenue, Suite 1800
        Norfolk, Virginia 23510
        PH: (757) 828-3739
        FX: (75) 257-3674
        tgaynor@gaynorlawcenter.com

*Counsel for Rose A. Jackson*